UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PEGGY A. HALL,

                Plaintiff,

      v.

KODAK RETIREMENT INCOME PLAN,
KODAK RETIREMENT INCOME PLAN
COMMITTEE, and TRUSTEES OF THE
KODAK RETIREMENT INCOME PLAN,

                Defendants.
_____

07-CV-6169

**DECISION and ORDER**

## INTRODUCTION

Defendants, Kodak Retirement Income Plan (the "Plan"), the Kodak Retirement Income Plan Committee (the "KRIPCO") and Trustees of the Kodak Retirement Income Plan (the "Trustees") (collectively "defendants"), have moved to dismiss Count III of plaintiff, Peggy Hall's ("plaintiff" and/or "Hall") Amended Complaint against the defendants, pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion is granted because no cause of action for breach of fiduciary duty has been stated and dismissal is granted as to that claim.[1]

## BACKGROUND

In considering a motion to dismiss, the Court accepts as true the factual allegations in the Complaint. See Dwyer v. Regan, 777 F.2d 825, 828-29 (2d Cir. 1985). The allegations are as follows.

---

[1] By letter dated November 26, 2007, plaintiff's counsel asked this Court to strike the Reply memorandum filed by defendants on the grounds that defendants inadvertently left out a notation in their Notice of Motion of their intention to file and serve reply papers pursuant to Local Rule 7.1(c). In the interests of justice, this Court will consider the defendants reply papers since the omission was inadvertent and caused no prejudice to plaintiff.

Plaintiff, Peggy Hall is the widow of William Hall, a former employee of Eastman Kodak Company ("Kodak"). Mr. Hall retired from Kodak in 1992, at which time he was married to another woman. He then began receiving a monthly annuity from the Plan.[2] At the time that William Hall retired in 1992, his then-wife waived her right to a survivor benefit. As a result, William Hall received his benefit as a "single life annuity," which provided that an annuity that would continue for his life only, with no entitlement to survivor benefits by his surviving spouse or other beneficiary. William Hall divorced his then-wife and married plaintiff in 1994. Following William Hall's death on February 20, 2006, plaintiff applied for survivor benefits under the Plan, claiming she was the beneficiary of her late husband and accordingly entitled to a survivor annuity. On June 9, 2006, the Plan administrator, KRIPCO, denied Hall's application. Plaintiff appealed the denial through the Plan's administrative appeals process, which was denied on December 29, 2006.

On March 29, 2007, plaintiff commenced this action in the United States District Court for the Western District of New York against the Plan, KRIPCO, as the Plan administrator, and the Plan's Trustees, alleging three separate claims. Counts I and II, brought under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), claim that plaintiff's request for Plan benefits was "improperly denied" and that she is entitled to a survivor benefit under the Plan's terms. Plaintiff

---

[2]This was a defined benefit pension plan as that term is defined by ERISA § 3(35), 29 U.S.C. § 1002(35).

seeks an award of the wrongfully denied benefits as relief for Count I of the Amended Complaint and a declaratory judgment concerning her right under the Plan as relief for Count II. Defendants claim that the legal sufficiency of Counts I and II is not challenged in this motion to dismiss.

Count III of plaintiff's Amended Complaint asserts that defendants breached their fiduciary duties under ERISA to both plaintiff and her decedent. In particular, plaintiff claims that defendants failed to "provide William D. Hall with an opportunity to elect Contingent Annuitant Annuity Option benefits" naming plaintiff as his beneficiary under the Plan in 1992 or after, in violation of defendants' fiduciary duties and in violation of the Plan's terms. See Amended Complaint at ¶¶ 30-31. In Count III, plaintiff seeks the same relief as she seeks in Counts I and II, which is the "improperly withheld benefits" and a "declaratory judgment concerning her rights" under the Plan. See id. at Wherefore Clause A and C.

**DISCUSSION**

**I.   Motion to Dismiss Pursuant to Rule 12(b)(6)**

In considering a motion for dismissal under Rule 12, defendant must show that plaintiff can prove no set of facts in support of her claim that would entitle her to relief. See H.J. Inc. v. Northwest Bell Telephone Co., 492 U.S. 229, 249 (1989); see also 2 MOORE'S FEDERAL PRACTICE, § 12.34[1][a] (Matthew Bender 3d ed.) Under Rule 12(b)(6), a complaint will be dismissed if there is a failure "to state a claim upon which relief can be granted." See Fed.R.Civ.P.

12(b)(6). The Court must read the complaint generously accepting the truth of and drawing all reasonable inferences from well-pleaded factual allegations. See Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir.1993). "A court should only dismiss a suit under Rule 12(b)(6) if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" See Valmonte v. Bane, 18 F.3d 992, 998 (2d Cir.1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

On a Rule 12(b)(6) motion, courts may consider "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference, as well as public disclosure documents required by law to be, and that have been, filed ... and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." See Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir.2000) (citations omitted).

## II. Breach of Fiduciary Duty under ERISA § 502(a)(3)

Count III of plaintiff's Amended Complaint invokes ERISA § 502(a)(3), which allows a participant, beneficiary or fiduciary to:

> (A) enjoin any act or practice which violates any provision of [ERISA], or (B) obtain any other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan

29 U.S.C. § 1132(a)(3). Defendants argue that Count III, asserted under ERISA § 502(a)(3) must be dismissed because it fails to seek not only "equitable" relief but it also fails to seek "appropriate" relief as authorized by the statute. See Defs. Br. at 5-11. Plaintiff

counters by arguing that her requested relief is "appropriate." See Pl. Br. at 4-7. However, she does not completely address the "equitable" nature of the relief she seeks.

### A. "Appropriate" Relief

Defendants contend that plaintiff's claim under § 502(a)(3) is improper because plaintiff seeks only an award of damages equal to the amount of survivor benefits for which an adequate remedy is provided under § 502(a)(1)(B), as pled in Counts I and II of the Amended Complaint. See Defs. Br. at 11. Accordingly, defendants argue that Count III of plaintiff's Amended Complaint must be dismissed as requesting relief that is not "appropriate" under ERISA § 502(a)(3). The Court agrees that plaintiff's claims are not "appropriate" under § 502(a)(3).

In the seminal case on this issue, Varity Corp. v. Howe, 516 U.S. 489 (1996), the Supreme Court, in determining whether relief under § 502(a)(3) was available to the plaintiffs in that case, stated that "[f]our of that section's six subsections focus upon specific areas," while "[t]he language of the other two subsections," one of which is § 502(a)(3), "creates two 'catchalls,' providing 'appropriate equitable relief' for 'any' statutory violation." See id. at 512. The Court reasoned that "these catchall provisions operate as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." See id. Noting that the statute authorizes "appropriate" equitable relief, the Court stated that it expected

that "courts, in fashioning 'appropriate' equitable relief, will keep in mind the 'special nature and purpose of employee benefit plans,' and will respect the 'policy choices reflected in the inclusion of certain remedies and the exclusion of others." See id. at 515. Therefore, the Court stated, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" See id.

In construing the Varity decision, the Second Circuit most recently has held in Frommert v. Conkright, as well as a majority of the lower courts, that when § 502(a)(1)(B) provides the plaintiff with adequate relief, then reliance under § 502(a)(3), a catchall provision is unnecessary and inappropriate. See 433 F.3d 254 (2d Cir. 2006)[3]; see also Neely v. Pension Trust Fund of the Pension, Hosp. and Benefit Plan of the Elec. Industry, 2003 WL 21143087, * 12 (E.D.N.Y. Jan. 2003); Edwards v. Akzo Nobel, Inc., 103 F.Supp.2d 214, 220 (W.D.N.Y.2000) (holding plaintiffs' claim under Section 502(a)(3) is improper when plaintiffs seek only recovery of benefits and have an adequate remedy under Section 502(a)(1)(B)); Layaou, 69 F.Supp.2d 419 (W.D.N.Y.1999) (Court held that where plaintiff sought benefits allegedly due to him under retirement plan, "[s]ection 1132(a)(1)(B)

---

[3] In Frommert, the plaintiffs asserted a claim for benefits under § 502(a)(1)(B), alleging that defendants had failed to properly determine their benefits, as well as a claim for breach of fiduciary duty by the plan administrators under § 502(a)(3). The Second Circuit upheld the lower court's dismissal of the fiduciary claim, concluding that "all of the relief sought by the plaintiffs could be adequately provided under § 502(a)(1)(B)." See id. at 269. The court opined that the "relief that plaintiffs seek ... falls comfortably within the scope of § 502(a)(1)(B)." Because "adequate relief is available under this provision, there is no need on the facts of this case to allow equitable relief under § 502(a)(3)." See id. at 270. (citations omitted).

provide[d] him with an appropriate remedy, and he therefore c[ould] not proceed under § 1132(a)(3) as well"); Fitch v. Chase Manhattan Bank, N.A., 64 F.Supp.2d 212, 228-29 (W.D.N.Y. 1999) (interpreting Varity "to mean that plaintiffs may not seek the same relief under 29 U.S.C. § 1132(a)(3) as they are seeking under 29 U.S.C. § 1132(a)(1)(B)"); Dittman v. Dyno Nobel, Inc.,1998 WL 865603 *8 (N.D.N.Y. 1998) (since plaintiff was seeking benefits under the terms of a plan, Congress had "provided adequate relief" for plaintiff pursuant to § 1132(a)(1)(B), and further equitable relief enjoining defendants from violating the terms of the plan was not appropriate); Joyce v. Curtiss-Wright Corp., 992 F.Supp. 259, 271 (W.D.N.Y.1997) (dismissing plaintiff's claim under § 502(a)(3) because claim sought relief that duplicated the relief sought on a claim for benefits under § 502(a)(1)(B)).

Plaintiff argues that this Court should follow Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76 (2d Cir. 2001) and its progeny and deny defendants' motion to dismiss plaintiff's claim for breach of fiduciary duty under § 502(a)(3). Plaintiff argues that in Devlin the Second Circuit disagreed with the argument that there is no private action for breach of fiduciary duty under ERISA when another remedy is available under the statute. See Devlin, 274 F.3d at 89; Strom v. Goldman, Sachs & Co., 202 F.3d 138, 148-49 (2d Cir.1999) (permitting plaintiff to proceed under § 502(a)(3) because she could not under §§ 502(a)(1)(B) or (a)(2)). The Court of Appeals explained that "such claims alleging breach of fiduciary duty could be brought

by individual plaintiffs because ERISA § 502(a)(3) 'acts as a safety net, offering appropriate equitable relief for injuries caused by [ERISA] violations that § 502 does not elsewhere adequately remedy.'" See id. (quoting Varity Corp., 516 U.S. at 512).

Plaintiff contends that if defendants' motion to dismiss Count III of the complaint is granted and plaintiff is not permitted to pursue a claim for breach of fiduciary duty, it is possible that plaintiff may be foreclosed from recovering any relief in this action. Accordingly, plaintiff argues if defendant prevails on the ERISA benefit claim under § 502(a)(1)(B), plaintiff's only possible source of relief for defendant's conduct is a breach of fiduciary duty claim under § 502(a)(3). Thus, plaintiff argues she deserves an opportunity to conduct discovery to prove whether a breach of fiduciary duty occurred, and the ability to seek appropriate equitable relief for defendants' breach of fiduciary duty in failing to advise plaintiff's decedent concerning his benefit options.

The Second Circuit's application of Varity Corp. in Devlin does not eliminate the possibility of a plaintiff successfully asserting a claim under both § 502(a)(1)(B), to enforce the terms of a plan, and § 502(a)(3) for breach of fiduciary duty because the Supreme Court indicated that equitable relief under § 502(a)(3) would "normally" not be appropriate. See Devlin, 274 F.3d at 89. However, Devlin held only that claims for benefits under § 502(a)(1)(B) and for fiduciary breach under § 502(a)(3), while not "'normally' ... appropriate," may both proceed to trial at the court's discretion.

See id. In Devlin, the Second Circuit found that determination of "appropriate equitable relief" rests with the district court. See id. Although some district courts have followed Devlin by refusing to dismiss duplicative § 503(a)(3) claims on Rule 12 motions, based on the facts of those individual cases, Devlin did not mandate that conclusion and emphasized that the district court had authority to "fashion appropriate relief." See id. This interpretation was confirmed by the Second Circuit decision in Frommert where the court upheld the district court's dismissal of plaintiff's § 502(a)(3) claim under Rule 12 on the basis that "all relief sought by the plaintiff could be adequately provided under § 502(a)(1)(B)."

Here, as in Frommert, the alleged breach of fiduciary duty relates to "the interpretation of plan documents and the payment of claims." See Varity, 516 U.S. at 512; see also Amended Complaint, ¶ 33 (claiming that defendants breached their fiduciary duties by failing to comply with their duties under "the terms of the Plan"). Plaintiff alleges that William Hall was entitled to designate her as his surviving beneficiary or "Contingent Annuitant" under the terms of the Plan rather than William Hall's then-wife, and that defendants failed to properly advise and/or allow that designation, as a result of which plaintiff should be awarded damages equal to the amount of survivor benefits. This remedy is potentially available to plaintiff under Counts I and II of the Amended Complaint, which have been brought under § 502(a)(1)(B). Accordingly, the remedy plaintiff seeks under both Sections 502(a)(1)(B) and 502(a)(3) is the recovery of

benefits she claims are payable to her. Therefore, because recovery of benefits is an available remedy under § 502(a)(1)(B), plaintiff is not prejudiced by dismissal of her claim under § 502(a)(3). This court's ability to fashion appropriate relief in this case is amply covered by § 502(a)(1)(B).

### B. "Equitable" Relief

ERISA § 502(a)(3) requires that the relief requested must be both "appropriate" and "equitable." See 29 U.S. § 1132(a)(3). Accordingly, assuming the Court found that plaintiff's claim was "appropriate" under § 502(a)(3), the next question before the Court is whether the type of relief sought by plaintiff is sufficiently "equitable" in nature to satisfy the requirement of § 502(a)(3).

It is well settled that § 502(a)(3) does not authorize recovery for damages (a form of legal relief) but only relief that is traditionally equitable. See Mertens v. Hewitt Assocs., 508 U.S. 248, 255, (1993); see also Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002). In Great-West, the Supreme Court made it clear that an individual cannot evade this restriction on damage claims by characterizing one's request for monetary relief as "restitution." See id. at 214. As the Supreme Court explained, for "restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant[s], but to restore to the plaintiff particular funds or property in the defendant[s]' possession." See id. In the present case, plaintiff is not seeking to recover any specifically identifiable fund or property that she transferred to

defendants, she is merely seeking money damages. Suits that seek to "compel the defendant to pay a sum of money to the plaintiff" are "almost invariably ... suits for money damages ... since they seek no more than compensation for loss resulting from the defendant's breach of a legal duty." See id. at 210.

Indeed, the Second Circuit has consistently applied Great-West on numerous occasions to hold that requests to pay money damages, including claims to make plaintiff whole for an alleged breach of fiduciary duty, are unavailable under § 502(a)(3). See id.; see also Gerosa v. Savasta & Co., 329 F.3d 317, 321 (2d Cir. 2003) (Court rejected plaintiff's request for an "order directing 'defendants to reimburse the plaintiffs for the shortfall the Pension Fund will experience as a result of defendants' violation of their duties under ERISA'"); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96 (2d Cir. 2005) (Court rejected plaintiffs' request for "restitution" of amounts that were allegedly overpaid for healthcare coverage as a result of defendants' breach of fiduciary duty). Further, numerous district courts in this Circuit, including this Court have followed the Second Circuit's holding. See Priest v. Fireman's Fund Inc. Co., 2007 WL 475325 at *3 n.2 (W.D.N.Y. 2007) (Court cautioned plaintiff that "requests for relief which include the payment of benefits are classified as legal relief, even when the benefits would otherwise have been payable had the employer not interfered with the claimant's rights"); Pelosi v. Schwab Capital Mkts., L.P., 462 F.Supp.2d 503, 513-14 (S.D.N.Y. 2006) (Court rejected plaintiff's request for

"recovery of proceeds that plaintiff would have received but for her late husband's employer's breach of fiduciary duty,' concluding that such a "make whole" remedy had been foreclosed by the Supreme Court in Great-West).

"[I]n determining whether an action for equitable relief is properly brought under ERISA, [courts] look to the substance of the remedy sought ... rather than the label placed on that remedy." See Mathews v. Chevron Corp., 362 F.3d 1172, 1185 (9th Cir.2004). Plaintiff claims that she has asserted a claim under ERISA § 502(a)(3) that supports a request for injunctive relief allowing for election of the Contingent Annuitant Annuity Option under the Plan. See Amended Complaint, ¶¶ 29-34. Requesting that the Plan fiduciaries pay her benefits as a Contingent Annuitant does not transform what is effectively a money damages request into equitable relief. This is particularly true since plaintiff does not seek "money or property identified as belonging in good conscience to the plaintiff [that] could clearly be traced to particular funds or property in the defendant's possession." See Great-West, 534 U.S. at 213. As the Supreme Court observed in Great-West, "Almost invariably ... suits seeking (whether by judgment, injunction, or declaration) to compel the defendant[s] to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." See id. at 210.

Here, plaintiff's claim is clearly one seeking money damages for the benefits she believes were improperly withheld from her as a consequence of defendants' alleged breach of their legal duties by failing to "provide William D. Hall with an opportunity to elect Contingent Annuitant Annuity Option benefits" naming plaintiff as his beneficiary under the Plan, thus effectively precluding plaintiff from receiving benefits under the Plan. This is precisely the type of "make whole" remedy the Supreme Court rejected as impermissible under ERISA § 502(a)(3). Accordingly, following Great-West and numerous Second Circuit cases, plaintiff's requested relief is unavailable here. Thus, Count III of plaintiff's Amended Complaint is dismissed for failure to state a claim.[4]

## **CONCLUSION**

For the reasons set forth above, Count III of plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        s/Michael A. Telesca
                                         MICHAEL A. TELESCA
                                United States District Judge

Dated:    Rochester, New York
            March 20, 2008

---

[4] Defendants' alternative grounds as to why Count III of plaintiff's Amended Complaint should be dismissed include the following: Plaintiff's fiduciary claim is barred by the Statute of Limitations; Plaintiff lacks standing to seek recovery for any breach of fiduciary duty owed to her late husband; and the defendant Plan is not a proper defendant in a breach of fiduciary duty claim. However, defendants' contentions are moot since the Court has already dismissed Count III of plaintiff's Amended Complaint due to plaintiff's failure to seek not only "equitable" relief but also "appropriate" relief as required by ERISA § 502(a)(3). Accordingly, the Court need not address these alternative grounds for dismissal.